J-S26019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GLENN BRICKUS | : | |
| | : | |
| Appellee | : | No. 3301 EDA 2018 |

Appeal from the Order Entered October 24, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000810-2018

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED JULY 18, 2019**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Chester County Court of Common Pleas, which granted the suppression motion of Appellee, Glenn Brickus.[1] We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. Therefore, we have no need to restate them.

The Commonwealth raises the following issue for our review:

WHETHER THE TRIAL COURT ERRED IN GRANTING

_____

[1] Pursuant to Pa.R.A.P. 311(d), the Commonwealth has certified in its notice of appeal that the trial court's suppression order substantially handicapped or terminated the prosecution of the Commonwealth's case. Accordingly, this appeal is properly before us for review. *See Commonwealth v. Cosnek*, 575 Pa. 411, 421, 836 A.2d 871, 877 (2003) (stating Rule 311(d) applies to pretrial ruling that results in suppression, preclusion or exclusion of Commonwealth's evidence).

_____

* Retired Senior Judge assigned to the Superior Court.

[APPELLEE]'S SUPPRESSION MOTION?

(Commonwealth's Brief at 4).

Our scope and standard of review when the Commonwealth appeals from a suppression order are as follows:

> [T]his Court may consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the record as a whole, remains uncontradicted. In our review, we are not bound by the suppression court's conclusions of law, and we must determine if the suppression court properly applied the law to the facts. We defer to the suppression court's findings of fact because, as the finder of fact, it is the suppression court's prerogative to pass on the credibility of the witnesses and the weight to be given to their testimony.

***Commonwealth v. Hudson***, 92 A.3d 1235, 1241 (Pa.Super. 2014), *appeal denied*, 630 Pa. 734, 106 A.3d 724 (2014) (internal citations omitted).

Section 4303 of the Pennsylvania Vehicle Code provides, in relevant part, as follows:

**§ 4303. General lighting requirements**

* * *

**(b) Rear lighting.**—Every vehicle operated on a highway shall be equipped with a rear lighting system including, but not limited to, rear lamps, rear reflectors, stop lamps and license plate light, in conformance with regulations of the department. If a vehicle is equipped with a centrally mounted rear stop light, a decal or overlay may be affixed to the centrally mounted rear stop light if the decal or overlay meets all applicable State and Federal regulations.

75 Pa.C.S.A. § 4303(b).

After a thorough review of the record, the briefs of the parties, the

applicable law, and the well-reasoned opinion of the Honorable Patrick C. Carmody, we conclude the Commonwealth's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed January 11, 2019, at 5-6) (finding: police stopped Appellee on basis that Appellee's vehicle's third brake light was out, in violation of Section 4303(b) of Vehicle Code; at suppression hearing, two police officers who stopped Appellee testified Appellee's vehicle's third brake light was inoperable; Commonwealth, however, failed to introduce Motor Vehicle Recorder ("MVR") video of incident, body camera recording of incident, or photographs to establish Appellee's brake light was out when police stopped Appellee, even though police still had custody of vehicle at time of hearing; on other hand, Appellee testified brake light was working on date of incident; both Appellee and police were equally credible; without video and/or photographic evidence to demonstrate inoperability of Appellee's vehicle's brake light, Commonwealth failed to meet its burden to establish police conducted lawful stop of Appellee; at hearing, court merely attempted to convey that MVR or body camera video could have assisted Commonwealth to meet its burden to show police lawfully stopped Appellee for violation of Vehicle Code; suppression court simply opined on record that Commonwealth risks having courts suppress evidence in future, close cases, like current case, without functional video equipment; Commonwealth's contention, that court suppressed evidence based solely upon court's personal view that all police

vehicles should house MVR equipment, merits no relief).  The record supports the trial court's decision.  Accordingly, we affirm on the basis of the trial court opinion.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/18/19

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

: CHESTER COUNTY, PENNSYLVANIA

vs.

: CRIMINAL ACTION -- LAW

GLENN BRICKUS : NO. 810-18

Nicholas J. Casenta, Jr., Esquire, Chief Deputy District Attorney for the Commonwealth
Sarah B. Black, Esquire, Attorney for Defendant

**2019 JAN 11 PM 12: 12   CLERK OF COURTS**

## OPINION PURSUANT TO Pa.R.A.P. 1925

The Commonwealth has appealed from the Order entered by the court on October 24, 2018, granting defendant's Omnibus Pretrial Motion Petition and Motion for Suppression of Evidence. This Opinion is filed pursuant to Pa.R.A.P. 1925(a).

On October 24, 2018, a hearing was held on defendant's Omnibus Pretrial Motion. At the conclusion of the hearing, the court granted defendant's motion and suppressed any and all evidence obtained as a result of a traffic stop of defendant's vehicle. The Commonwealth filed a timely Notice of Appeal on November 13, 2018. On the same date, the Commonwealth was ordered to file a Concise Statement of Matters Complained of on Appeal. The Commonwealth's Concise Statement was received on December 3, 2018. In it, the Commonwealth raises the following issues:

1. The trial court erred in granting defendant's motion;
2. The trial court did not comply with Pa.R.Crim.P. 581;
3. The trial court erred by not making specific findings of fact;
4. The trial court erred by not making specific conclusions of law;
5. To the extent that the trial court's legal conclusions can be inferred they are not correct;
6. To the extent that the trial court's factual findings can be inferred they are not supported by the record;
7. The trial court erred in that it did not grant defendant's suppression motion based on a violation of defendant's rights, as there were no violations, but

> rather granted defendant's suppression motion based on the trial court's personal view that all police vehicles should be equipped with MVR (Motor Vehicle Recording) Equipment, and the trial court wanted to send that message to the Coatesville Police Department.

See the Commonwealth's Statement of Matters Complained of on Appeal. At the hearing on October 24, 2018, Corporal Kenneth Michels testified to the following:

On February 21, 2018, Corporal Michels and Officer Carmen Mollichella of the City of Coatesville Police Department were on duty operating a marked patrol vehicle in the area of North 7th Street in Coatesville, Chester County, Pennsylvania. Their patrol vehicle had a Motor Vehicle Recorder (hereinafter, "MVR") in it, but it was not functioning. The MVR in the vehicle has been inoperable for about five (5) years. At approximately 5:00 a.m., they observed a vehicle travelling at a high rate of speed with an inoperable third brake light. Based on this observation, they effectuated a traffic stop. Officer Bogan of the City of Coatesville Police Department also arrived at the scene. The MVR in his vehicle was functioning, but he did not record the incident. Each of the officers at the scene had body cameras, but no one recorded the alleged inoperable third brake light.

Officer Mollichella also testified at the hearing. He testified consistently with Corporal Michels' testimony and stated that the third brake light on defendant's vehicle was not functioning. He also confirmed that the patrol car did not have a functioning MVR. Further, even though there was a working body camera on his person, he did not record the inoperable third brake light.

At the hearing, the Commonwealth attempted to introduce the hearsay testimony of Sergeant Harris of the City of Coatesville Police Department, who was not subpoenaed for the hearing. The hearsay testimony would have been that Sergeant Harris met with someone from

-2-

the Public Defender's Office to inspect defendant's vehicle prior to the hearing. (The vehicle was still in the police impound lot at the time of the hearing on October 24, 2018.) The inspection of the vehicle revealed that the third brake light was not operational at that time. The court sustained defense counsel's objection to this line of questioning on the basis of hearsay. The court would have accepted photographs showing the inoperable brake light, but none were offered into evidence.

Defendant took the stand in his own defense. He testified that he was driving a 1998 Saturn Aura that he had just bought approximately ten (10) to fifteen (15) days before the incident. He inspected the car when he purchased it, and the brake lights were in working order. He also stated that he observed the brake light working on the day in question when he left for work that morning prior to the stop.

After both sides rested their case, the court noted the following:

> You know, this is a tough one, because frankly, it's not only the credibility. Where I'm at is, this is not going to have any precedential value, whatsoever, for any other cases. Mr. Brickus, you had a dispute about this thing. I'm not finding you necessarily more credible than Corporal Michaels (sic) or Officer Mollichella. I think they're both credible people. I deal with them all the time. This is kind of a lecture to Chief Laufer who I have respect for and also the DA's office. In a situation like this, bring in Sergeant Harris. Bring in pictures. Bring in - - just take the extra step to do the hearing right so that I have the evidence in front of me to do it. Especially in a situation where both officers, both their cars, don't have MVRs. Then they both have the safety net of their body-cams. We know the way this day went down that, you know, we have a record, but everything went south after that with Mr. Brickus and he allegedly resisted. I don't know if he was tasered or not. You know, at that point, it all went south and you know there's going to be a dispute on both sides.

> So I find that on February 21st of 2018, at 4:28 in the morning, the police stopped the car. Both police officers say the third brake light was inoperable. Mr. Brickus says it was. There was a way to confirm that, which was either just take a picture of it in the lot. It's been sitting there since February, or have Sergeant Harris come in to testify to that. That essentially, the Commonwealth

- 3 -

did not cross all of their T's and dot all their I's for me to do it beyond a reasonable doubt. I'm not saying anything that - - Mr. Brickus is telling me

pointblank. It's not that I find you more credible than the police officers. This is - - you're really getting an enormous break. Do you understand that?

\* \* \* \* \*

If I see you again or if Coatesville sees you again, you better believe they're going to arrest you. In this particular case, you had drugs and everything else and acted like an idiot especially considering, allegedly considering. the time. If I'm ever pulled over it's what do you want and how do you want it. Just cooperate. Corporal Michaels (sic), I have known you a long time. You have been a good police officer. Tell them to correct the situation. You have to have a safety net. If you don't have cameras working for five years, you know it's going to be a tenuous situation. Do that. Tell that to Chief Laufer. That's my message in this case. Ms. Cox-Shaw, bring Sergeant Harris in; okay. I'm granting the suppression, reluctantly, but it has no precedential value on future cases. I'm not criticizing the police in this case. It's not necessarily their problem. It's their department that has to get it. In today's times, why bother having MVRs if you're not using it and body cameras if you're not using it. Thank you for your cooperation in this case. Don't say anything else, Mr. Brickus. Take it and run.

N.T. 10/24/18, pp. 30-33. The above passage reflects that the court did, in fact, make sufficient findings of fact and conclusions of law. In addition, those findings of fact and conclusions of law were amply supported by the record.[1]

When a Motion to Suppress has been filed, the burden is on the Commonwealth to establish by a preponderance of the evidence that the challenged evidence is admissible.

---

[1]     The court concedes that this passage was poorly articulated. The gist of what the court was trying to say was that the court was unable to determine which side was more credible based on the evidence introduced at the hearing. The Commonwealth, who had the burden of proving by a preponderance of the evidence that the evidence was lawfully obtained, failed to take the steps necessary to prove its case. It did not introduce any MVR footage, any body camera video, or any photographs to establish that the third brake light was not functioning. It also did not call Sergeant Harris as a witness to establish this fact. Without any supporting evidence, the court properly found that the Commonwealth failed to meet its burden of proof.

    The court also notes that while it stated that the Commonwealth had to prove its case beyond a reasonable doubt, the correct standard is preponderance of the evidence. As stated above, however, the Commonwealth failed to meet this standard.

- 4 -

Commonwealth v. Hamilton, 673 A.2d 915 (Pa. 1996). See also, Pa.R.Crim.P. 581. With regard to traffic stops, the Pennsylvania Superior Court has stated:

> A police officer has the authority to stop a vehicle when he or she has reasonable suspicion that a violation of the vehicle code has taken place, for the purpose of obtaining necessary information to enforce the provisions of the code. 75 Pa.C.S. §6308(b). However, if the violation is such that it requires no additional investigation, the officer must have probable cause to initiate the stop. Commonwealth v. Feczko, 10 A.3d 1285, 1291 (Pa. Super. 2010).

Commonwealth v. Brown, 64 A.3d 1101, 1105 (Pa. Super. 2013).

In this case, defendant was stopped for a violation of 75 Pa.C.S.A. §4303(b) because his third brake light was allegedly inoperable. Corporal Michels and Officer Mollichella both testified that the third brake light was not working. There was no MVR recording, body camera recording or photographs offered into evidence to support this contention, even though the vehicle was still in police custody at the time of the hearing. Defendant, on the other hand, testified that it was working on the date in question. Both sides testified credibly and both scenarios are equally likely (50/50). Without any video and/or photographic evidence to confirm or deny the operability of the third brake light, the court properly found that the Commonwealth failed to meet its burden of establishing by a preponderance of the evidence that the challenged evidence is admissible.

Although the Commonwealth contends that the court made its ruling based on its "personal view that all police vehicles should be equipped with MVR Equipment," and not on the applicable statutory and case law, that is not the case. The court was only trying to convey the message that easily obtainable confirmation from an MVR or body camera can help the Commonwealth meet its burden of proving by a preponderance of the evidence that the evidence in question was obtained lawfully. Without such evidence, the Commonwealth risks having evidence suppressed in close, borderline cases such as this one.

Based on the forgoing, the court properly found that the Commonwealth failed to meet its burden of proving that the challenged evidence was properly obtained. Accordingly, defendant's Omnibus Pretrial Motion was appropriately granted and the Commonwealth's alleged assignments of error are without merit.

BY THE COURT:

_____
DATE   11/11/19

_____
PATRICK CARMODY                J.